## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMA S.A., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-636-GMS |
| BAXTER HEALTHCARE CORP., | ) ) | |
| Defendant. | ) ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, the parties, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P. to protect against improper disclosure or use of confidential information produced or disclosed in this case. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995);

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT as follows:

1. This Protective Order shall apply to all information, documents and things within the scope of discovery in this action, including, without limitation, all testimony adduced at

depositions, documents or things responsive to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this act on or any third party to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with this Protective Order.

2.  As used herein, "CONFIDENTIAL INFORMATION" is all information, in any form, relating to confidential research, development, financial, commercial, marketing or business information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business or other technical or non-technical subject matter within the meaning of Fed. R. Civ. P. 26(c)(7).  As used herein, "HIGHLY CONFIDENTIAL INFORMATION" is all information, in any form, that (a) the producing party or third party reasonably believes satisfies the criteria for designating such information as "Confidential" above and (b) the disclosure of such Protected Documents and Information is likely to cause harm to the competitive position of the producing party (or third party holding proprietary rights thereto) with regard to information about research, development, manufacturing and/or processing of current and/or future products or product candidates of the party or third party (including but not limited to sensitive research materials, development materials and strategic plans).  Such "Highly Confidential" documents and information may include, without limitation, trade secrets, confidential technical information, confidential research and development information, technical or manufacturing practices, methods, or other know-how, confidential regulatory submissions (including Biologics License Applications), minutes of Board meetings,

pricing data, financial data, sales information, customer-confidential information, agreements or relationships with third parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

The designation of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects its trade secrets or other research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

3.    If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Protective Order that are available to a producing party shall apply to such discovery and the parties will treat all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of such a third party, which information is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, in accordance with the terms of this Protective Order.   Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this action.

4.    The parties and any third parties shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL" or otherwise explicitly designate the materials as CONFIDENTIAL INFORMATION and subject to the Protective Order.   The parties and any third parties shall label or mark documents and things that constitute or contain HIGHLY CONFIDENTIAL INFORMATION with the legend "HIGHLY CONFIDENTIAL" or otherwise explicitly designate the materials as HIGHLY

CONFIDENTIAL INFORMATION and subject to the Protective Order.  Each page of each document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when the document or thing is produced to the party or parties seeking discovery.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document and each thing produced pursuant to discovery in this action shall bear a unique identifying number.

Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of Paragraph 7 of this Protective Order.

Inspection of documents or things by any party shall be conducted by persons eligible under Paragraph 12 below.  Such persons shall treat all information in such documents or things as containing HIGHLY CONFIDENTIAL INFORMATION until copies are produced and thereafter shall be treated in accordance with this Protective Order to the extent that such information is designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5.      Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" by the party providing the response or testimony on each page of that document when the response or testimony is served upon the party seeking discovery.  Responses or testimony served without a legend on the first page designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of Paragraph 7 of this Protective Order.

6.     Regarding testimony adduced at depositions upon oral examination of current or former directors, officers, employees or agents of the parties and testimony adduced at depositions upon oral examination of the parties' current consultants or experts, all deposition transcripts will presumptively be treated as "CONFIDENTIAL INFORMATION." This paragraph does not limit any party's right to challenge any presumptive designation, nor does it preclude a producing party from designating testimony or transcripts as "HIGHLY CONFIDENTIAL INFORMATION." The parties agree to mark all pages that contain CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION of all copies of deposition transcripts with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Counsel for the producing party may also request that all persons other than the witness, the court reporter, those individuals specified in Paragraphs 12 and 13, and counsel for the witness (if a third party witness) leave the deposition room during the portion of the deposition that inquires about what the producing party deems CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION. The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition that inquires about what the producing party deems CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall constitute justification for counsel to instruct the witness that he or she shall not answer the question.

7.     If a producing party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking t as provided in Paragraphs 4-6 of this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice and properly marked documents the receiving party or parties shall return said unmarked documents and things to the extent practicable and not retain copies thereof must treat such documents, things, information, responses and testimony as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

8.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such

attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

9.     Nothing in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules or Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party.  The parties agree to promptly take reasonable steps to obtain approval to produce third party confidential documents requested in this case in accordance with either the provisions of such third party agreements or the provisions of any protective orders in other cases that govern the treatment of requested confidential third party documents.  This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

10.     If a producing party inadvertently or mistakenly produces information, documents or tangible things in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  In such an event, the producing party shall request, in writing,

within five (5) business days of learning of such inadvertent or mistaken production, the return of all information for which a claim of inadvertent or mistaken production is made.  Within five (5) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced.  The receiving party also shall destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.  If the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other immunity from discovery, it may move the Court for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.  The producing party shall retain copies of all returned documents and tangible things, and if such a motion is filed, shall provide copies to the Court of the documents, things or information that are the subject of the motion.  If no request is made by the producing party within five (5) business days of discovery of the inadvertent or mistaken production, the producing party may request that the Court issue an order compelling the return or destruction of all copies of the inadvertently or mistakenly produced documents or things.  Notwithstanding the above, recognizing the need for the parties to prepare for their cases based on the discovery that is produced, if any information, document or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within five (5) business days after such use.

11.    Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in Paragraphs 2 through 7 of this Protective Order may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to Paragraphs 12 through 22 below and to any further order regarding confidentiality that the Court may enter. This Protective Order governs the use of such material at trial. Such material shall remain confidential at trial, and during any appeals of this action, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further Order of the Court. At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under Paragraph 12 may be barred from attending any portion of depositions at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is revealed, subject to my further Order regarding confidentiality as this Court may enter. Unless the Court orders or the parties agree otherwise, attendance at a hearing or at a trial session in this action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited to individuals entitled to have access to such materials under the terms of this Protective Order and high-level party representatives. The parties agree to reasonably cooperate with each other to allow the attendance of in-house lawyers, officers or other similar high-level representatives of the parties to attend hearings or trial in this action.

12.    Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in Paragraphs 2 through 7 of this Protective Order shall be

deemed and treated as CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

> (a) Townsend and Townsend and Crew LLP and Potter Anderson & Corroon LLP, litigation counsel of record for Defendant and Counterclaimant Baxter Healthcare Corp. ("Baxter"), and their stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

> (b) Three in-house counsel for Baxter and their stenographic, clerical or paralegal employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

> (c) Three designated representatives for Baxter, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

> (d) Outside consultants or experts to Baxter who are not current employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this litigation, whose advice and consultation are being or will be used by Baxter in connection with this action, including their stenographic and clerical personnel;

> (e) Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Ashby & Geddes, litigation counsel of record for Plaintiff, Aventis Pharma S.A. ("Aventis"), and their stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL

INFORMATION;

(f)    Three in-house counsel for Aventis, and their stenographic, clerical or paralegal employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(g)    Three designated representatives for Aventis, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(h)    Outside consultants or experts to Aventis who are not current employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this litigation, whose advice and consultation are being or will be used by Aventis in connection with this action, including their stenographic and clerical personnel;

(i)    The Court before which this action is pending and its authorized staff, court reporters, and the jury;

(j)    Any interpreter, and typist or transcriber used by the interpreter;

(k)    Any jury study group for litigation support;

(1)    An accounting firm for expert assistance; and

(m)    Outside copying and exhibit preparation services.

Material marked, labeled or otherwise designated HIGHLY CONFIDENTIAL INFORMATION as described in Paragraphs 2 through 7 of this Protective Order shall be deemed and treated as HIGHLY CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary and access thereto or disclosure thereof shall be limited, unless and until the

Court rules that there may be further disclosure, to those persons described in subparagraphs (a), (b), (d), (e), (f), (h), (i), (j), (k), (1) and (m), above.

If counsel wish to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the persons described in subparagraphs (d), (h), (j), (k) or (1), counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such person who would require access to such material. In the case of a jury study group or accounting firm, the Undertaking shall be signed by the company or firm retained by the party, and a single Undertaking by the company or firm shall be sufficient to cover all employees or other individuals paid by the study group, firm or organization. Counsel retaining the persons described in subparagraphs (d), (h), (j), (k) or (l) shall retain the original of each such signed Undertaking.

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will not be disclosed to any such outside consultant described in subparagraphs (d), (h), or (l) for a period of ten (10) calendar days alter serving the producing party with the Undertaking referred to herein and a curriculum vitae of the outside consultant. Service on the producing party of the Undertaking shall be made by facsimile or electronic mail with a confirmation copy by Federal Express or equivalent next-day delivery. No service shall be required for a jury study group or interpreter (and their typist or transcriber). Counsel for the producing party may, within the ten (10) calendar day period, serve a notice of objection if a reasonable basis for such objection exists. If the notice is served, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within five (5) calendar days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION to the expert or consultant, counsel for the objecting party may move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served.  If the objecting party files this motion, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of this objection.

The recipient of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

13.    The parties also recognize that, in order to assist in preparing their respective cases, counsel may desire to use the services of an agent to perform computerized legal support and management services, including vendors retained by counsel for Aventis or Baxter, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or attorneys' work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Such disclosure shall be made only to a vendor regularly engaged in providing computerized legal support and management services.

Counsel desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of Paragraph 13 shall first obtain a signed Undertaking in the form of Exhibit A attached hereto, from a representative of the vendor who may require access to such material.  Counsel retaining the vendor shall retain the original of each such signed Undertaking.  Service of the Undertaking shall not be required. The vendor shall be required to promptly return to the party's counsel all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

The vendor shall be required to provide limited and secured access to the information stored in the computer.  The vendor shall also guarantee that access codes will be supplied only to those persons associated with the party retaining or employing the agent and who are entitled, under this Protective Order, to have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and that only persons possessing the access codes can access the information stored in the computer.

14.    If the parties (which in the case of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced and so designated by a third party, shall include such third party) desire to provide access to or disseminate CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person not otherwise entitled to access under this Protective Order, the parties may, without leave of the Court, unanimously agree among all parties designating the material confidential to allow such access, or in the absence of unanimous agreement, any party may move the Court for an Order that such person be given access thereto.  If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first

signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party in may be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (a) an individual who either prepared, received or reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to the filing of this action or previously had access or knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated by the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or foundation testimony during a deposition or trial, and/or (b) an officer, employee or expert of a producing party. A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

15. Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the receiving party to any party or person not entitled under the terms of this Protective Order to have access to such material, shall not be used for any purpose other than in connection with this action, and shall not be used in any way for any research, development, manufacture, patent prosecution or other patent proceedings, financial, commercial, marketing, business or other competitive purpose.

16.  If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed to or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall:

(a) immediately use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION;

(b) within three (3) business days of the discovery of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order and use its best efforts to bind such unauthorized person or party to the terms of this Protective Order;

(c) within five (5) business days of the discovery of such disclosure, request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A;

(d) within three (3) business days of the discovery of such disclosure, identify such unauthorized person or party to the producing party; and

(e) within five (5) business days inform the producing party of all pertinent facts relating to such disclosure.

The executed agreement shall be served upon counsel of record for the producing party within five (5) business days of its execution by the unauthorized person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

17.  If any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the Court in connection with this action,

such material shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, the title or general identity of the sealed document and the filing to which it pertains (e.g., "Exhibits 4 and 5 to the Smith Declaration in Support of Defendants' Motion for Summary Judgment") and the following legend, or shall otherwise be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed:

"Contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

To Be Opened Only By Or As Directed By The Court

Civil Action No. 06-636-GMS D. Del."

In addition, any document that is to be filed with the Court and that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.  Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained separate from the public records in this action and shall be released only to Court personnel, to persons entitled to have access to such materials under this Protective Order, or as further ordered by the Court.

18.    The acceptance by Aventis or Baxter of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any receiving party may at any time request that the producing party cancel or change the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

designation with respect to any document, object or information.  Such request shall be made to counsel for the producing party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not confidential and the reasons supporting its contention.  If the producing party does not agree to remove or change the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation as requested within seven (7) business days, then the party contending that such documents or material are not confidential or highly confidential may request by motion that the Court remove such material from the restrictions of this Protective Order or change the designation of such material.  On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION does constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) and within the meaning of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," as appropriate, as set forth in Paragraph 2.

19.     This Protective Order shall not be construed to prevent any of the parties, or any third party, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court.  The Protective Order shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.  It is expressly understood between counsel for the parties that the personnel set forth in Paragraph 12 may be increased by unanimous agreement of the parties to this action without leave of the Court, or upon a showing, subject to the approval of the Court, by either Aventis or Baxter that

such modification is necessary.  Nothing in this Protective Order shall prevent any party from disclosing its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in any manner.

20.    With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder. Upon final termination of this action, including all appeals, receiving counsel may retain all papers filed with the Court, including all deposition transcripts and exhibits thereto, and may retain documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.  Upon final termination of this action, including all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including all production documents, other than trial exhibits or exhibits to papers filed with the Court) and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, shall be assembled and returned (except for any that may be retained by the Court) to the producing party; counsel for the receiving party alternatively may destroy such material and information and certify in writing the destruction thereof within ninety (90) calendar days of the final termination of this case.  Accordingly, upon final termination of this action, no one other than litigation counsel of record shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  As to CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks (excluding copies of production sets of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced or maintained electronically or on disk which disk or copies thereof should be destroyed or returned in accordance with the above terms), the receiving party shall either (1) delete all such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, (2) restrict access to such material with passwords or (3) designate the information CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

21. The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the parties to this action shall not apply to any information of the parties which: (a) the producing party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (b) the producing party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) the producing party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

22.     Legible photocopies of documents and, where reasonably possible, things, may be used for all purposes in this action as against a claim that they are not the "originals," provided that the "original" document, in whatever form it shall be found in the files of a party, and the original things shall have been and shall be made available upon request of either party on ten (10) business days notice.

ASHBY & GEDDES

*Of Counsel:*

*/s/ Steven J. Balick*

James B. Monroe
Paul W. Browning
Timothy B. Donaldson
Kakoli Caprihan
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC  20001
Tel.:  (202) 408-4000

By: _____
       Steven J. Balick (I.D. # 2114)
       John G. Day (I.D. #2403)
       Tiffany Geyer Lydon (I.D. #3950)
       500 Delaware Avenue, 8th Floor,
       P.O. Box 1150
       Wilmington, Delaware  19899
       (302) 654-1888

       *Counsel for Plaintiff,*
       *Aventis Pharma S.A.*


POTTER ANDERSON & CORROON LLP

*Of Counsel:*

*/s/ Philip A. Rovner*

TOWNSEND AND TOWNSEND
CREW LLP
James G. Gilliland, Jr.
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
(415) 576-0200

By:_____
       Philip A. Rovner (I.D. # 3215)
       1313 North Market Street
       Hercules Plaza
       P.O. Box 951
       Wilmington, Delaware  19899
       (302) 984-6000

Susan M. Spaeth
Anne M. Rogaski
Matthew R. Hulse
Julie J. Han
Eric A. Mercer
379 Lytton Avenue
Palo Alto, CA 94301

       *Counsel for Defendant,*
       *Baxter Healthcare Corporation*

Dated: July 7, 2007


SO ORDERED, this _____ day of _____, 2007


_____
Chief Judge

182090.1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVENTIS PHARMA S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-636-GMS |
| | ) | |
| BAXTER HEALTHCARE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNDERTAKING OF _____**

STATE OF                          )
                                  )       SS.:
COUNTY OF                         )

I, _____, being duly sworn, state that:

1.      My present address is _____.  My present employer is _____, and the address of my present employer is _____.

My present occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of the enforcement of the Protective Order in this action.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or

description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

4.      I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.  I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

5.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


Dated: _____

                                                            _____
                                                                        NAME

Sworn and subscribed to
before me this _____ day
of _____, 2007.


_____
            Notary Public

My Commission expires: _____