IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMA S.A., | ) |
| Plaintiff, | ) C.A. No. 06-636 (GMS) |
| v. | ) |
| BAXTER HEALTHCARE CORP., | ) |
| Defendant. | ) |
| | ) |
| BAXTER HEALTHCARE CORPORATION, | ) |
| Counterclaimant, | ) |
| v. | ) |
| AVENTIS PHARMA, S.A., | ) |
| Counterdefendant. | ) |

### DEFENDANT'S RULE 30(b)(6) NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on Wednesday, October 24, 2007, Baxter Healthcare Corporation ("Baxter"), by and through its attorneys, will take the deposition upon oral examination of a representative or representatives of Aventis Pharma, S.A. ("Aventis Pharma"). The deposition will begin at 9:00 a.m. in the offices of Potter Anderson & Corroon LLP, located at 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, or such time and location as to which Baxter and Aventis should mutually agree.

Aventis is requested and required pursuant to Federal Rule of Civil Procedure 30(b)(6) to designate and make available to testify on its behalf at said deposition the person(s) most knowledgeable about the matters set forth in Schedule A hereto.

The deposition shall be conducted before a notary public or other officer authorized to administer oaths.

|  |  |
|---|---|
| OF COUNSEL:<br><br>TOWNSEND AND TOWNSEND AND CREW LLP<br>James G. Gilliland, Jr.<br>Susan M. Spaeth<br>Anne M. Rogaski<br>Matthew R. Hulse<br>Julie J. Han<br>379 Lytton Avenue<br>Palo Alto, California 94301<br>(650) 326-2400<br><br>Dated: September 24, 2007<br>820996 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ Philip A. Rovner<br>Philip A. Rovner (# 3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>Email: provner@potteranderson.com<br><br>*Attorneys for Defendant and Counterclaimant Baxter Healthcare Corporation* |

## SCHEDULE A

### Definitions

As used herein:

1. "AVENTIS PHARMA," "YOU," "YOUR," or "YOURS" refers to Plaintiff and Counterdefendant Aventis Pharma S.A., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly or partially owned or controlled by AVENTIS PHARMA, either directly or indirectly, all predecessors-in-interest to United States Patent No. 5,565,427, and all past or present directors, principles, officers, owners, agents, representatives, attorneys and others acting for or on behalf of these same entities.

2. "AVENTIS" refers to Aventis S.A., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly or partially owned or controlled by Aventis S.A., either directly or indirectly, and all past or present directors, principles, officers, owners, agents, representatives, attorneys and others acting for or on behalf of these same entities.

3. "BAXTER" means Defendant and Counterclaimant Baxter Healthcare Corporation and each of its present or former officers, directors, employees, agents, representatives.

4. "BAYER" means Bayer Corporation and/or Bayer HealthCare L.L.C.

5. "PERTAINING TO," "PERTAIN TO," "RELATING TO," and "RELATE TO" mean constituting, consisting of, relating to, referring to, evidencing, supporting, contradicting, reflecting, or resulting from the matter specified.

6. "THIRD PARTY" or "THIRD PARTIES" means anyone other than AVENTIS PHARMA or BAXTER.

7. The words "ANY" and "ALL" shall both be construed to mean "any and all."

8. "THE '427 PATENT" refers to U.S. Patent No. 5,565,427 as it originally issued, U.S. Patent No. 5,565,427 C1 after reexamination, and U.S. Patent No. 5,565,427 C2 after second reexamination.

9. "THE '657 PATENT" refers to U.S. Patent No. 4,758,657 and ANY reissues or reexaminations.

10. "RELATED PATENT" means a patent in the same family as THE '427 PATENT, including foreign patents, those which issued from divisional or continuing applications of the patent applications (including ALL parent, grandparent, great grandparent, etc., patent applications) on which THE '427 PATENT is based.

11. "RELATED APPLICATION" means a patent application for THE '427 PATENT or for a patent in the same family as THE '427 PATENT, including foreign applications and patents, those which issued from divisional or continuing applications of the patent applications (including ALL parent, grandparent, great grandparent, etc., patent applications) on which THE '427 PATENT is based.

12. "FACTOR VIII" refers to blood coagulation Factor VIII.

13. "FACTOR VIII PRODUCT" means any Antihemophilic Factor product used for the treatment of hemophilia A made by or for AVENTIS PHARMA that AVENTIS PHARMA contends includes, incorporates, or embodies the alleged invention(s) claimed by THE '427 PATENT.

14. "1992 SEARCH REPORT" means the European Patent Office Search Report sent on or about May 20, 1992, identifying references relevant to the patentability of claims of European Application No. 92 104 944.1.

15. "THE TEST DATA" shall mean the test data that Baxter Healthcare Corporation submitted to the European Patent Office during the opposition of European Application No. 92 104 944.1 on or about April 27, 2000.

16. "THE FIRST REEXAMINATION" means the reexamination of THE '427 PATENT requested on or about May 30, 2001.

17. "THE SECOND REEXAMINATION" means the reexamination of THE '427 PATENT requested on or about October 21, 2003.

18. "INFORMATION" is used herein in its broadest sense and includes, without limitation, documents, communications, knowledge, and conduct.

## Deposition Topics

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby requested and required to designate and make available to testify on behalf of Aventis, the person or persons most knowledgeable about the subject matters set forth below, at the offices of Potter Anderson & Corroon LLP, located at 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, on Wednesday, October 24, 2007 at 9:00 a.m.

1. AVENTIS PHARMA's process for determining whether to obtain a patent, including but not limited to procedures PERTAINING TO invention disclosure, freedom-to-operate, clearance, or approval for filing a patent application.

2.  AVENTIS PHARMA's process for determining whether to authorize any agreement, grant, assignment, license, or sublicense to any technology or patent, including but not limited to procedures PERTAINING TO identifying or evaluating any potential grantee, assignee, licensee or sublicensee and negotiating, drafting or determining financial terms.

3.  The identification or evaluation of any potential grantee, assignee, licensee or sublicensee of any FACTOR VIII or any FACTOR VIII PRODUCT, regardless of whether such agreement, grant, assignment, license, or sublicense has been executed or is still under negotiation.

4.  The identification or evaluation of any potential grantee, assignee, licensee or sublicensee of THE '427 PATENT, ANY RELATED PATENT or ANY RELATED PATENT APPLICATION, regardless of whether such agreement, grant, assignment, license, or sublicense has been executed or is still under negotiation.

5.  The identification or evaluation of any potential grantee, assignee, licensee or sublicensee of THE '657 PATENT, regardless of whether such agreement, grant, assignment, license, or sublicense has been executed or is still under negotiation.

6.  The settlement of the action entitled *A. Nattermann & Cie GmbH and Aventis Behring L.L.C, v. Bayer Corporation and Bayer Healthcare LLC*, Civil Action No. 03-2268 ABB, filed in the District Court for the Eastern District of Pennsylvania.

7.  The settlement of Civil Action No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

8.  The settlement of Case No. 2003-23052 filed in the Montgomery County Court of Common Pleas.

9. AVENTIS PHARMA S.A.'s corporate structure, including but not limited to how the divisions or departments are structured and the identity of management of each division or department.

10. The relationship between AVENTIS PHARMA's related corporate entities, including but not limited to Aventis S.A., Sanofi Aventis, Sanofi Synthelabo, and CSL Limited.

11. The identity of the three persons at AVENTIS PHARMA most knowledgeable about research and development at AVENTIS PHARMA of ANY FACTOR VIII PRODUCTS AND/OR processes.

12. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the formulation of ANY FACTOR VIII PRODUCTS AND/OR processes made, used, imported, offered for sale, and/or sold in the United States by AVENTIS PHARMA.

13. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the manufacture at AVENTIS PHARMA of ANY FACTOR VIII PRODUCT.

14. The identity of the three persons at AVENTIS PHARMA most knowledgeable about marketing at AVENTIS PHARMA of ANY FACTOR VIII PRODUCT.

15. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the FACTOR VIII market and AVENTIS PHARMA's analysis of the FACTOR VIII market.

16. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the sales, pricing, costs, revenues, and profits of ANY FACTOR VIII PRODUCT made, used, imported, offered for sale, and/or sold in the United States by AVENTIS PHARMA.

17. The identity of the three persons at AVENTIS PHARMA most knowledgeable about quality assurance or control at AVENTIS PHARMA of ANY FACTOR VIII PRODUCT.

18. The identity of the three persons at AVENTIS PHARMA most knowledgeable about FDA submissions by AVENTIS PHARMA of ANY FACTOR VIII PRODUCTS AND/OR processes.

19. The identity of the three persons at AVENTIS PHARMA most knowledgeable about lyophilization processes used by AVENTIS PHARMA for ANY FACTOR VIII PRODUCT.

20. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the prosecution of the '427 PATENT.

21. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the FIRST REEXAMINATION of the '427 PATENT.

22. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the SECOND REEXAMINATION of the '427 PATENT.

23. The identity of the three persons at AVENTIS PHARMA most knowledgeable about the prosecution of European Application No. 92 104 944.1.

24.    The identity of the three persons at AVENTIS PHARMA most knowledgeable about the opposition to the European Application No. 92 104 944.1 and/or EP 0 508 194.

25.    The identity of the three persons at AVENTIS PHARMA most knowledgeable about THE TEST DATA.

26.    The identity of the three persons at AVENTIS PHARMA most knowledgeable about licensing of patents at AVENTIS PHARMA.

27.    The divestiture of assets from AVENTIS to CSL Limited, including but not limited to businesses and products PERTAINING TO plasma therapeutics.

28.    The facts surrounding and reasons for the decision to seek reexamination of the '427 patent for the FIRST REEXAMINATION and the SECOND REEXAMINATION.

29.    When someone at AVENTIS PHARMA, including their patent prosecution counsel, first learned of the TEST DATA and the respective surrounding circumstances.

30.    When someone at AVENTIS PHARMA, including their patent prosecution counsel, first learned of the 1992 SEARCH REPORT and the respective surrounding circumstances.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 24, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

I hereby certify that on September 24, 2007 I have sent by E-mail the foregoing document to the following non-registered participant:

James B. Monroe, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com