**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVENTIS PHARMA S.A.,<br>Plaintiff,<br>v.<br>BAXTER HEALTHCARE CORPORATION,<br>Defendant. | C. A. No. 06-636-GMS<br>**JURY TRIAL DEMANDED** |
| BAXTER HEALTHCARE CORPORATION,<br>Counterclaimant,<br>v.<br>AVENTIS PHARMA S.A.,<br>Counterdefendant. | |

**DEFENDANT AND COUNTERCLAIMANT BAXTER HEALTHCARE CORPORATION'S NOTICE OF SUBPOENA TO BAYER HEALTHCARE L.L.C.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant and Counterclaimant Baxter Healthcare Corporation is serving a Subpoena on Bayer Healthcare L.L.C., who is not a party to this action, requiring it to produce the documents, records, or other materials requested in Exhibit A to the Subpoena by October 22, 2007 at Potter Anderson & Corroon LLP, 1313 N. Market Street, Wilmington, Delaware 19801.

A copy of the Subpoena is attached hereto.

OF COUNSEL:

MAYER BROWN LLP
Thomas M. Durkin
Robert J. Kriss
Andrea C. Hutchison
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

TOWNSEND AND TOWNSEND AND CREW LLP
Anne M. Rogaski
Julie J. Han
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: October 1, 2007

822344

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant and Counterclaimant Baxter Healthcare Corporation*

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

AVENTIS PHARMA S.A.

V.

BAXTER HEALTHCARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-636 (GMS)

TO: BAYER HEALTHCARE L.L.C. - Care of: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808 (302) 636-5401

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A (attached).

| PLACE | DATE AND TIME |
|---|---|
| POTTER ANDERSON & CORROON LLP - ATTN: Philip A. Rovner<br>1313 N. Market Street, Wilmington, Delaware 19801 (302) 984-6000 | 10/22/2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 10-1-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Philip A. Rovner, Esq., POTTER ANDERSON & CORROON LLP
Hercules Plaza, P.O. Box 951, Wilmington, Delaware 19899 (302) 984-6000, Attys for Defendant/Counterclaimant

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit A**

**DEFINITIONS**

1. The term "you," "yours," or "Bayer" shall mean Bayer Healthcare L.L.C. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures and other legal entities that are or were wholly or partially owned or controlled by you, either directly or indirectly and all past or present directors, principles, officers, owners, agents, representatives, attorneys and others acting for or on behalf of these same entities.

2. "Aventis" refers to Aventis Pharma S.A. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, predecessors-in-interest to U.S. Patent No. 5,565,427, and other legal entities that are or were wholly or partially owned or controlled by Aventis Pharma S.A., either directly or indirectly, including, but not limited to, A. Nattermann & Cie GmbH, Aventis Behring L.L.C., and Aventis Behring GmbH.

3. "The '427 patent" shall mean U.S. Patent No. 5,565,427, U.S. Patent No. 5,565,427 C1, U.S. Patent No. 5,565,427 C2, and all foreign counterparts.

4. The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

5. The term "document" or "documents" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or

graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had, or can obtain access. If the document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

6. The terms "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be

considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

**DOCUMENT REQUESTS**

Please produce for inspection on October 22, 2007 the following documents in your possession, custody or control:

1. All agreements relating to the settlement of Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

2. All agreements relating to the settlement of Civil Action No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

3. All agreements relating to the settlement of Case No. 2003-23052 filed in the Montgomery County Court of Common Pleas.

4. Any and all documents regarding any licensing agreements related to the '427 patent.

5. Any and all documents regarding any licenses or agreements related to Factor VIII.

6. Any and all documents relating to the valuation of the '427 patent.

7. Any and all discovery responses served on Bayer in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

8. Any and all discovery responses served on Bayer in Civil Action No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

9. Any and all discovery responses served on Bayer in Case No. 2003-23052 in the Montgomery County Court of Common Pleas.

10. Any and all documents relating to the invalidity of the '427 patent, including but not limited to invalidity contentions, prior art, and expert reports.

11. Any and all motions for summary judgment regarding invalidity of the '427 patent, including all briefs, declarations and exhibits, hearing transcripts, and orders, filed in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

12. Any and all motions for summary judgment regarding invalidity of the '427 patent, including all briefs, declarations and exhibits, hearing transcripts, and orders, in Civil Action No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

13. Any and all documents regarding construction of the claim terms in the '427 patent, including but not limited to proposed constructions, briefs, declarations and exhibits, expert reports, hearing transcripts, and orders, in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

14. Any and all documents regarding construction of the claim terms in the '427 patent, including but not limited to proposed constructions, briefs, declarations and exhibits, expert reports, hearing transcripts, and orders, in Civil Action No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

15. Any and all document relating to the alleged infringement of the '427 patent, including but not limited to disclosure of asserted claims, infringement contentions, and expert reports.

16. Any and all motions for summary judgment regarding infringement of the '427 patent, including all briefs, declarations and exhibits, hearing transcripts, and orders, filed in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

17. Any and all motions for summary judgment regarding infringement of the '427 patent, including all briefs, declarations and exhibits, hearing transcripts, and orders, filed in Civil Action No. 2:06-cv-03785-AB filed in the United States District Court for the Eastern District of Pennsylvania.

18. Any and all documents relating to Aventis's claim for damages in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania, including but not limited to a statement of damages, expert declarations, and expert reports.

19. Any and all documents relating to Aventis's claim for damages in Civil Action No. 2:06-cv-03785-AB filed in the United States District Court for the Eastern District of Pennsylvania, including but not limited to a statement of damages, expert declarations, and expert reports.

20. Any and all privilege logs served by Aventis in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

21. Any and all privilege logs served by Aventis in Civil Action No. 2:06-cv-03785-AB filed in the United States District Court for the Eastern District of Pennsylvania.

22. Any and all documents relating to the development of any Factor VIII product made, used, imported, offered for sale, and/or sold in the United States by Bayer at any time from January 1991 to the present.

23. Any and all documents relating to the formulation(s) and/or lyophilization of any Factor VIII product made, used, imported, offered for sale, and/or sold in the United States by Bayer at any time from January 1991 to the present..

24. Any and all documents relating to any testing, including but not limited to testing

regarding formulations, stability, lyophilization, specific activity, and/or potency, of any Factor VIII product made, used, imported, offered for sale, and/or sold in the United States by Bayer at any time from January 1991 to the present.

25. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of the named inventor of the '427 patent.

26. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any individuals involved in prosecuting the '427 patent.

27. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any individuals involved in any reexamination of the '427 patent.

28. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any individuals involved in the European prosecution or opposition to the European counterpart to the '427 patent.

29. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Dr. Albrecht Gröner.

30. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of David L. Farb.

31. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Michael H. Coan.

32. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Vivian W. Lee.

33. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Ricardo H. Landaburu.

34. Any and all deposition transcripts (including exhibits, errata sheets, and witness

certifications) of Dr. Gunter Keller.

35. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Dr. Hans Lauppe.

36. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Carol P. Einaudi.

37. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of Sanya Sukduang.

38. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of J. Bennett.

39. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any inventor of any patent asserted as prior art to the '427 patent.

40. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any authors of any publications or references asserted as prior art to the '427 patent.

41. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any expert witness testimony relating to Aventis's claim for damages in Civil Action No. 2:03-cv-02268-AB in the United States District Court for the Eastern District of Pennsylvania.

42. Any and all deposition transcripts (including exhibits, errata sheets, and witness certifications) of any expert witness testimony relating to Aventis's claim for damages in Civil Action No. No. 2:06-cv-03785-AB in the United States District Court for the Eastern District of Pennsylvania.

822348

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on October 1, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on October 1, 2007 I have sent by E-mail the foregoing document to the following non-registered participant:

James B. Monroe, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com