IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMA S.A.,<br>Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| BAXTER HEALTHCARE CORPORATION, C.A.<br>Defendant. | :   N.A. 06-636<br>: |

### NOTICE OF SERVICE OF CSL BEHRING, L.L.C.'S OBJECTIONS TO THE SUBPOENA ISSUED BY BAXTER HEALTHCARE CORPORATION, C.A.

I hereby certify that on this **15th** day of **October 2007**, I served a true and correct copy of the attached CSL Behring, L.L.C.'s Objections to the Subpoena Issued by Baxter Healthcare Corporation, C.A. in the above-captioned action, by hand-delivery and first class mail, postage prepaid on the following:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, DE  19801

> /s/ William M. Kelleher
> WILLIAM M. KELLEHER
> (ID No. 3961)

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

919 NORTH MARKET STREET, 12TH FLOOR
WILMINGTON, DELAWARE 19801-3034
(302) 252-4465
FAX: (302) 252-4466
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC

WILLIAM M. KELLEHER
DIRECT DIAL: 302-252-4460
PERSONAL FAX: 302-355-0723
KELLEHERW@BALLARDSPAHR.COM

October 15, 2007

<u>**Via Hand Delivery & U.S. Mail**</u>

Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

Re: Aventis Pharma S.A. v. Baxter Healthcare Corporation, C.A. No. 06-636, USDC, District of Delaware

Dear Philip:

This letter sets forth the objections of CSL Behring L.L.C. ("CSL") in response to the subpoena served on it by Baxter Healthcare Corporation ("Baxter") in the above-captioned action. Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, CSL objects to the subpoena as follows:

(1) CSL objects to the requests set forth in the subpoena as overly broad, unduly burdensome, and as seeking information or documents that are neither relevant to the claims or defenses in the above-referenced action nor likely to lead to the discovery of admissible evidence. In addition, CSL objects that the requests are not reasonably limited as to time, scope and subject matter.

By way of example but not limitation, many of the requests ask for "[a]ny and all documents relating to . . . <u>any Factor VIII product</u> made, used, imported, offered for sale, and/or sold in the United States by CSL at any time <u>from January 1991 to present</u>." (emphasis added). These requests seek every document related to the development, formulations and testing of CSL's Factor VIII products, including both plasma Factor VIII and recombinant Factor VIII products for the past seventeen years. These requests are excessive and unjustifiable, implicating countless documents with no reasonable connection to the merits of the claims in the above referenced suit. Similarly, other requests demand any and all documents "regarding any licenses or agreements related to Factor VIII." These requests seek the production of innumerable

Philip A. Rovner, Esq.
October 15, 2007
Page 2

documents related to any and all agreements involving the Factor VIII business of CSL and its predecessors without any limitation as to relevancy, time or scope.

Besides the inappropriate breadth of these requests, documents related to CSL's products and Factor VIII business are completely irrelevant to the merits of the above referenced action, which is about whether specific products that Baxter sells infringe the '427 patent. Documents related to different products sold or manufactured by CSL or its other competitors have no relevance to these claims.

(2) CSL objects to the requests to the extent that the documents sought are duplicative of three separate subpoenas issued to additional third-parties Bartlit Beck Herman Palenchare & Scott LLP, Bayer Healthcare L.L.C. and Bayer Corporation. CSL further objects to the extent that the requests seek documents that are in the possession of Plaintiff, Aventis Pharma S.A. It is both unreasonable and unduly burdensome to subject CSL to the time, expense and other hardships of discovery when the same documents can be obtained from other sources and have already been requested from those sources.

(3) CSL objects to the requests to the extent that they call for the production of proprietary information or trade secret or other confidential commercial information, including third-party proprietary, trade secret or other confidential commercial information and/or information that is subject to confidentiality agreements with third-parties. Baxter's request for such materials is particularly objectionable and inappropriate here because Baxter is a direct competitor of CSL in the Factor VIII market and is seeking the production of highly confidential and proprietary information directly related to competing products.

(4) CSL objects to the requests insofar as the Definitions are vague, overbroad, unduly burdensome and/or purport to impose greater obligations on CSL than those imposed under the Federal Rules of Civil Procedure (*see, e.g.,* the definition of "you," "yours," or "CSL Behring"). CSL further objects to the Definitions as vague and unduly burdensome to the extent that they purport to seek electronically stored information but fail to specify any form or forms for producing such materials or to establish any reasonable scope or framework for the production of such materials (*see, e.g.,* the definition of "document"). Both the definitions and the requests are drafted as broadly as possible and Baxter makes no effort to limit the burden and undue hardship CSL would face in complying with the requests. As currently drafted, the requests would require CSL to identify, review and produce responsive paper and electronic documents from all potential sources of such information covering, in some cases, as much as seventeen years, and in others, an indefinite period of time. There is no justification for asking CSL to shoulder such an extreme and unnecessary burden with regard to this matter.

(5) CSL objects to the requests to the extent that they call for the production of materials protected by the attorney-client privilege and/or the work product doctrine, or that otherwise are protected from disclosure by the Federal Rules of Civil Procedure.

(6) CSL objects to the date and time provided for production as unreasonably short and unduly burdensome. The subpoena provides CSL with only twenty days to produce

Philip A. Rovner, Esq.
October 15, 2007
Page 3

responsive documents on October 22, 2007. Even if the requests were not overly broad, unduly burdensome and otherwise objectionable as stated above, the date and time listed for production would not provide a reasonable amount of time for CSL to identify, collect, review and produce the significant number of documents requested by the subpoena without subjecting CSL to undue burden and expense.

CSL reserves the right to amend or supplement these objections as may be appropriate. Subject to and without waiving the foregoing objections, CSL is willing to work with Baxter to produce documents to the extent that Baxter can reasonably identify documents in the possession or control of CSL that (i) are relevant to the litigation, (ii) are not proprietary or confidential, (iii) Baxter is unable to reasonably obtain from other sources; (iv) are reasonably limited in time and scope; and (v) where the production of such documents would not subject CSL to undue burden or unnecessary costs.

Should you wish to discuss the matter further, please contact Damian L. DiNicola in our Philadelphia office at 215-864-8237.

Sincerely,

William M. Kelleher

cc: Robert R. Baron, Jr., Esquire
Damian L. DiNicola, Esquire
Gregory A. Boss, Esquire

DMEAST #9891819 v2