IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AVENTIS PHARMA S.A., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BAXTER HEALTHCARE CORPORATION, | ) | Civil Action No. 06-636 (GMS) |
| Defendant. | ) ) ) | |
| BAXTER HEALTHCARE CORPORATION, | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| AVENTIS PHARMA S.A., | ) ) | |
| Counterdefendant. | ) ) | |

**NOTICE OF DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS TO
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**

PLEASE TAKE NOTICE that, pursuant to Rule 45 and 30(b)(6) of the

Federal Rules of Civil Procedure, defendant and counterclaimant Baxter Healthcare

Corporation will take the deposition of the Rule 30(b)(6) designee(s) of Finnegan,

Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, NW,

Washington, DC 20001, regarding the subject matters set forth in Schedule A to the

attached subpoena. The deposition will take place at the offices of Townsend and

Townsend and Crew LLP, 1301 K Street, NW, Ninth Floor, East Tower, Washington,

DC 20005, commencing at 9:00 a.m. on December 4, 2007, or at a date and time to be

agreed upon by the parties.

The deposition will be before a notary public, or other authorized person to administer oaths, will be recorded stenographically and/or by video tape, will include the use of interactive real time transcription (e.g., Live Notes), and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Baxter Healthcare Corporation, through undersigned counsel, has served the attached subpoena for documents on Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.  The documents identified in Schedule A to the Subpoena shall be produced by Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. on or before November 30, 2007, to the offices of Townsend and Townsend and Crew LLP, 1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005.

OF COUNSEL:

MAYER BROWN LLP
Thomas M. Durkin
Robert J. Kriss
Andrea C. Hutchison
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

TOWNSEND AND TOWNSEND AND
CREW LLP
Anne M. Rogaski
Julie J. Han
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated:  November 26, 2007
831188

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email:  provner@potteranderson.com

*Attorneys for Defendant and Counterclaimant*
*Baxter Healthcare Corporation*

AO88  (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF        DISTRICT OF COLUMBIA

AVENTIS PHARMA S.A.

**SUBPOENA IN A CIVIL CASE**

V.

BAXTER HEALTHCARE CORPORATION

Case Number:[1] D. DEL., C.A. NO. 06-636-GMS

TO:  FINNEGAN, HENDERSON, FARABOW, GARRETT &
     DUNNER, L.L.P.
     901 New York Avenue, NW
     Washington, DC 20001

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.     See attached Schedule A

| PLACE OF DEPOSITION   Townsend and Townsend and Crew LLP<br>1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005 | DATE AND TIME<br>12/4/2007 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE    Townsend and Townsend and Crew LLP<br>1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005 | DATE AND TIME<br>11/30/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>11/15/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Philip A. Rovner, Esq. (#3215), Potter Anderson & Corroon LLP, P.O. Box 951, Wilmington, DE  19899
(302) 984-6000, Attorneys for Baxter Healthcare Corporation

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

               DATE                         SIGNATURE OF SERVER

                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

As used herein:

1.    The term "FINNEGAN," "YOU," or "YOURS," shall mean FINNEGAN,

HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. and all past or present directors,

principals, officers, owners, agents, representatives, attorneys and others acting for or on behalf

of these same entities.

2.    "AVENTIS" refers to Aventis Pharma S.A. and all predecessors, successors,

subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, predecessors-

in-interest to U.S. Patent No. 5,565,427, and other legal entities that are or were wholly or

partially owned or controlled by Aventis Pharma S.A., either directly or indirectly, including, but

not limited to, A. Nattermann & Cie GmbH, Aventis Behring L.L.C., and Aventis Behring

GmbH.

3.    "BAXTER" refers to Baxter Healthcare Corporation.

4.    "BAYER" refers to Bayer Healthcare LLC and Bayer Corporation.

5.    "USPTO" means United States Patent and Trademark Office.

6.    "EPO" means European Patent Office.

7.    "DOCUMENT" or "DOCUMENTS" includes any written, printed, recorded or

graphic matter that is or has been in YOUR actual and constructive possession, custody, or

control, regardless of the medium, on which it is produced, reproduced, or stored, including but

not limited to, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes,

messages (including, without limitation reports of telephone conversations and conferences),

studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars,

bulletins, instructions, minutes or other communications (including but not limited to, interoffice and interoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records, files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts and non-identical copies thereof. If the original of a DOCUMENT is unavailable or was not reviewed or received by a particular person, "DOCUMENT" includes any identical copy of the original. Any DOCUMENT bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, in a separate DOCUMENT.

8.     "ALL DOCUMENTS" means every DOCUMENT, as defined above, that is known to YOU and every such DOCUMENTS that can be located or discovered by reasonably diligent efforts.

9.    "THING" or "THINGS" means any tangible object other than a DOCUMENT, including without limitation objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

10.    "IDENTIFY" when used in conjunction with a DOCUMENT or other THING means to specify the DOCUMENTS or THINGS in sufficient detail to permit BAXTER to locate said DOCUMENTS or THINGS.

11.    "PERSON" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "PERSON."

12.    "IDENTIFY" when used in conjunction with a PERSON means to provide the name, current or last known address, and telephone number of the PERSON, and current or last known employer, position title, and relationship of the PERSON to any party herein.

13.    "PERTAINING TO," "PERTAIN TO," "RELATING TO," and "RELATE TO" mean constituting, consisting of, relating to, referring to, evidencing, supporting, contradicting, reflecting, or resulting from the matter specified.

14.    "DESCRIBE IN DETAIL" means to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date, and/or legal contention relating to the matter(s) inquired of in said interrogatory.

15.    "DATE" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

16.    The words "ANY" and "ALL" shall both be construed to mean "any and all."

3

17.    "PRIOR ART" means that information or knowledge that is accessible to a person of ordinary skill in the art, including that which would be obvious from such information or knowledge, in accordance with 35 U.S.C. § 102.

18.    "COMMUNICATION" means any oral, electronic, or written transmission of information from one person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements or other forms of information exchanged.

19.    "THE '427 PATENT" refers to U.S. Patent No. 5,565,427 as it originally issued, U.S. Patent No. 5,565,427 C1 after reexamination, and U.S. Patent No. 5,565,427 C2 after second reexamination.

20.    "RELATED PATENT" means a patent in the same family as THE '427 PATENT, including foreign patents, those which issued from divisional or continuing applications of the patent applications (including ALL parent, grandparent, great grandparent, etc., patent applications) on which THE '427 PATENT is based.

21.    "1992 SEARCH REPORT" means the European Patent Office Search Report sent on or about May 20, 1992, identifying references relevant to the patentability of claims of European Application No. 92 104 944.1.

22.    "TEST RESULTS" means the testing data submitted by BAXTER to the EPO on April 27, 2000 in the opposition of European Patent Application No. 2104944.1.

23.    "BAXTER LITIGATION" means C.A. No. 03-373-GMS in the U.S. District Court for the District of Delaware between BAXTER and AVENTIS.

24.    "BAYER LITIGATIONS" means the actions between BAYER and AVENTIS, including Civil Action No. 03-2268 ABB in the U.S. District Court for the Eastern District of Pennsylvania and Civil Action No. 06-03785 ABB in the U.S. District Court for the Eastern District of Pennsylvania.

25.    In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders: (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this request all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

26.    All documents requested shall be produced to Baxter in the same file or other organization environment in which they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping (including electronic files or groupings) shall be physically produced together with all other documents from said file, docket, or grouping responsive to said request, in the same order or manner of arrangement as the original. Alternatively, the documents shall be organized and labeled to correspond with the categories of this Request.

27.    If any document called for by any request herein is withheld based on a claim that such document is privileged:

      a.    identify each such document (including the date, document type, subject matter, author(s) or preparer(s) and all persons who read or received the document);

      b.    state the basis upon which the privilege is claimed; and

      c.     state the paragraph(s) of the request for production to which each document is responsive.

28.    In the event that any document requested was, but is no longer, in YOUR possession, custody or control, or in existence, please provide the following information:

      a.     identification of the document;

      b.     whether it is missing or lost;

      c.     whether it has been transferred, voluntarily or involuntarily, to others; or whether it has been otherwise disposed of.

29.    This document request is propounded on a continuing basis, and YOU shall supplement YOUR responses hereto as and when additional information called for herein comes to your attention.

## DEPOSITION TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), FINNEGAN's designee(s) shall be prepared to testify regarding the following subjects:

1.      The prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 92104944.1, before the EPO, including the identity of ALL PERSON(S) involved in the prosecution and/or opposition.

2.      The prosecution and/or reexaminations of THE '427 PATENT before the USPTO, including the identity of ALL PERSON(S) involved in the prosecution and/or reexaminations.

3.      The decision(s) regarding which DOCUMENTS AND THINGS from the prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 92104944.1, to disclose to the PERSON(S) involved in the U.S. prosecution and/or reexaminations of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

4.      The decision(s) regarding which DOCUMENTS AND THINGS from the prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 92104944.1, to disclose to the USPTO during the prosecution and/or reexaminations of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

5.      The decision(s) regarding which DOCUMENTS AND THINGS from the BAXTER LITIGATION to disclose to the PERSON(S) involved in the second reexamination of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

6.     The decision(s) regarding which DOCUMENTS AND THINGS from the BAYER LITIGATIONS to disclose to the PERSON(S) involved in the second reexamination of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

7.     The decision(s) regarding which DOCUMENTS AND THINGS from the BAYER LITIGATIONS to disclose to the USPTO during the second reexamination of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

8.     The decision regarding which DOCUMENTS AND THINGS from the BAXTER LITIGATION to disclose to the USPTO during the second reexamination of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

9.     The decision on whether to disclose THE 1992 SEARCH REPORT to the USPTO during the prosecution and/or reexaminations of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

10.    The decision on whether to disclose the TEST RESULTS to the USPTO during the reexaminations of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

11.    The decision on whether to disclose the TEST RESULTS to the PERSON(S) involved in the reexaminations of THE '427 PATENT, including the identity of ALL PERSON(S) involved in those decisions.

12.    PRIOR ART RELATING TO the subject matter of THE '427 PATENT and/or ANY RELATED PATENT.

13.    ALL COMMUNICATION(S) RELATING TO THE '427 PATENT, including without limitation ANY COMMUNICATION(S) by and between the attorneys prosecuting THE

'427 PATENT (including ANY agents thereof), the named inventor, AVENTIS, AVENTIS' European patent counsel, AVENTIS' U.S. litigation counsel, the USPTO, and third parties.

14.     Any opinion, study, search, or analysis RELATING TO the validity, infringement, or enforceability of THE '427 PATENT and/or ANY RELATED PATENT, including but not limited to ANY opinion, study, search, or analysis RELATING TO PRIOR ART.

15.     The search, location, and identity of ALL documents RELATING TO the preparation, filing, prosecution, reexamination, and/or opposition of THE '427 PATENT and/or ANY RELATED PATENT.

16.     The valuation and/or licensing of THE '427 PATENT and/or ANY RELATED PATENTS, including the identity of ALL PERSON(S) involved in those valuations and/or licenses.

## DOCUMENT REQUESTS

Please produce for inspection on November 30, 2007 the following documents in your possession, custody, or control:

### REQUEST NO. 1:

ALL DOCUMENTS PERTAINING TO the prosecution and/or reexaminations of THE '427 PATENT before the USPTO, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in the prosecution and/or reexaminations and ANY COMMUNICATIONS RELATING TO the prosecution and/or reexaminations.

### REQUEST NO. 2:

ALL DOCUMENTS PERTAINING TO ANY U.S. or foreign patents or patent applications (pending or abandoned) that RELATE TO, describe, or claim the same or similar subject matter described or claimed by THE '427 PATENT and/or ANY RELATED PATENT.

### REQUEST NO. 3:

ALL DOCUMENTS PERTAINING TO the prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 92104944.1, before the EPO, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in the prosecution and/or opposition and ANY COMMUNICATIONS RELATING TO the prosecution and/or opposition.

### REQUEST NO. 4:

ALL DOCUMENTS PERTAINING TO the decision(s) regarding which DOCUMENTS AND THINGS from the prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 021004944.1, to disclose to the USPTO during the U.S. prosecution and/or reexaminations of THE '427 PATENT, including but not

limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 5:**

ALL DOCUMENTS IDENTIFYING the PERSON(S) involved in the decision(s) regarding which DOCUMENTS AND THINGS from the prosecution and/or opposition of ANY RELATED PATENT, including but not limited to European Patent Application No. 92104944.1, to disclose to the PERSON(S) involved in the U.S. prosecution and/or reexaminations of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 6:**

ALL DOCUMENTS PERTAINING TO the decision(s) regarding which DOCUMENTS AND THINGS from the BAYER LITIGATIONS to disclose to the USPTO during the second reexamination of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 7:**

ALL DOCUMENTS PERTAINING TO the decision(s) regarding which DOCUMENTS AND THINGS from the BAYER LITIGATIONS to disclose to the PERSON(S) involved in the second reexamination of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 8:**

ALL DOCUMENTS PERTAINING TO the decision(s) regarding which DOCUMENTS AND THINGS from the BAXTER LITIGATION to disclose to the USPTO during the second reexamination of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 9:**

ALL DOCUMENTS PERTAINING TO the decision(s) regarding which DOCUMENTS AND THINGS from the BAXTER LITIGATION to disclose to the PERSON(S) involved in the second reexamination of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 10:**

ALL DOCUMENTS PERTAINING TO the decision on whether to disclose THE 1992 SEARCH REPORT to the USPTO during the original U.S. prosecution of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 11:**

ALL DOCUMENTS PERTAINING TO the decision on whether to disclose the TEST RESULTS to the USPTO during the reexaminations of THE '427 PATENT, including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 12:**

ALL DOCUMENTS PERTAINING TO the decision on whether to disclose the TEST

RESULTS to the PERSON(S) involved in the reexaminations of THE '427 PATENT, including

but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those decisions

and ANY COMMUNICATIONS RELATING TO those decisions.

**REQUEST NO. 13:**

ALL DOCUMENTS RELATING TO the preparation, filing, prosecution, reexamination,

reissue, interference, and/or opposition of THE '427 PATENT or ANY RELATED PATENT,

including but not limited to DOCUMENTS IDENTIFYING ALL PERSON(S) involved in the

preparation, filing, prosecution, reexamination, reissue, interference, and/or opposition of THE

'427 PATENT or ANY RELATED PATENT, invention disclosure information, technical

descriptions, PRIOR ART, publications, experimental descriptions and results, ALL non-

identical drafts of patent applications, ANY Notices of Recordation or ANY other

DOCUMENTS RELATING TO patent ownership, ALL DOCUMENTS RELATING TO

preparation for, participation in, or discussions during ANY interview, inquiry, or discussion (in

person or by telephone) with ANY examiner or related personnel from ANY patent office or

other issuing authority in ANY country, and ANY COMMUNICATIONS regarding the

application, prosecution, reexamination, reissue, interference, opposition, rejection,

abandonment, or issuance of THE '427 PATENT or ANY RELATED PATENT.

**REQUEST NO. 14:**

ALL DOCUMENTS PERTAINING TO ANY PRIOR ART RELATING TO the subject

matter of THE '427 PATENT identified by and/or known to ANY PERSON involved in the

prosecution and/or reexamination of THE '427 PATENT as potentially relevant to the

13

patentability, validity, enforceability, and/or scope of THE '427 PATENT, including but not limited to references not disclosed to the USPTO.

**REQUEST NO. 15:**

ALL DOCUMENTS PERTAINING TO ANY PRIOR ART RELATING TO the subject matter of ANY RELATED PATENT identified by and/or known to ANY PERSON involved in the prosecution and/or opposition of ANY RELATED PATENT as potentially relevant to the patentability, validity, enforceability, and/or scope of ANY RELATED PATENT, including but not limited to references not disclosed to the EPO.

**REQUEST NO. 16:**

ALL DOCUMENTS RELATING TO ANY discussion or COMMUNICATION concerning the infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or scope of claim coverage of THE '427 PATENT or ANY RELATED PATENT.

**REQUEST NO. 17:**

ALL DOCUMENTS RELATING TO ANY discussion or COMMUNICATION between YOU and Wilfried Freudenberg, Dr. Haas, Hans Lauppe, Albrecht Groener and/or John Bennett PERTAINING TO the prosecution and/or reexaminations of THE '427 PATENT.

**REQUEST NO. 18:**

With respect to services performed by any attorney or other individual employed by YOU in connection with the preparation, prosecution, reexamination, and/or opposition of THE '427 PATENT and/or ANY RELATED PATENT, from the time of commencement of such services up to and including the present, ANY DOCUMENTS showing or tending to show on a day-by-day basis what services were performed, who performed those services, how much time

was spent in the performance of those services, and the general subject matter of the services performed, including, but not limited to all bills, invoices, descriptions of service, correspondence, billing records, time sheets, and/or diaries.

**REQUEST NO. 19:**

ALL DOCUMENTS sufficient to describe any practice or policy in place at FINNEGAN between 1997 and 2006 that applied to the preparation, prosecution, and/or reexamination of THE '427 PATENT, including but not limited to ANY DOCUMENTS RELATING TO practices or policies applicable to whether to disclose DOCUMENTS AND THINGS to the USPTO in the prosecution and/or reexaminations of THE '427 PATENT.

**REQUEST NO. 20:**

ALL DOCUMENTS PERTAINING TO the valuation and/or licensing of THE '427 PATENT and/or ANY RELATED PATENTS, including DOCUMENTS IDENTIFYING ALL PERSON(S) involved in those valuations and/or licenses and ANY COMMUNICATIONS RELATING TO those valuations and/or licenses.

832191

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on November 15, 2007, a true and correct

copy of the within Subpoena was served on the following at the address and in the manner

indicated:

**BY E-MAIL AND FEDERAL EXPRESS**

James B. Monroe, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on November 26, 2007, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

I hereby certify that on November 26, 2007 I have sent by E-mail the foregoing

document to the following non-registered participant:

James B. Monroe, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com