IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMA S.A., <br><br> Plaintiff, <br><br> v. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Defendant. | Civil Action No. 06-636 (GMS) |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> AVENTIS PHARMA S.A., <br><br> Counterdefendant. | |

**NOTICE OF DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS
OF DAVID L. FARB**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Baxter Healthcare Corporation ("Baxter"), by and through their attorneys of record, will take the deposition of David L. Farb, 15307 Gable Ridge Court, Apt. B, Rockville, MD 20850 on January 8, 2008 beginning at 9:30 a.m. at the offices of Townsend and Townsend and Crew LLP, 1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005 or at a date, time and place to be agreed upon by the parties. The deposition will be before a notary public, or other authorized person to administer oaths, will be recorded stenographically and/or by videotape, will include the use of interactive real time transcription (e.g., Live Notes), and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Baxter Healthcare Corporation, through undersigned counsel, will serve the attached subpoena for documents on David L. Farb. The documents identified in Schedule A to the Subpoena shall be produced by David L. Farb on or before January 2, 2008, to the offices of Townsend and Townsend and Crew LLP, 1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005.

OF COUNSEL:

MAYER BROWN LLP
Thomas M. Durkin
Robert J. Kriss
Andrea C. Hutchison
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

TOWNSEND AND TOWNSEND AND CREW LLP
Anne M. Rogaski
Julie J. Han
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: December 11, 2007
833190

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (# 3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant and Counterclaimant*
*Baxter Healthcare Corporation*

✎AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     MARYLAND

AVENTIS PHARMA S.A.

            V.

BAXTER HEALTHCARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  D. DEL., C.A. 06-636-GMS

TO:  DAVID L. FARB
       15307 GABLE RIDGE COURT, APT. B
       ROCKVILLE, MD 20850

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew LLP<br>1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005 | 1/8/2008 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew LLP<br>1301 K Street, NW, Ninth Floor, East Tower, Washington, DC 20005 | 1/2/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/11/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Philip A. Rovner, Esq. (#3215), Potter Anderson & Corroon LLP, P.O. Box 951, Wilmington, DE 19899
(302) 984-6000, Attorneys for Baxter Healthcare Corporation

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### **DEFINITIONS AND INSTRUCTIONS**

As used herein:

1. "YOU," "YOUR," or "YOURS" refers to David L. Farb.

2. "DOCUMENT" or "DOCUMENTS" includes any written, printed, recorded or graphic matter that is or has been in YOUR actual and constructive possession, custody, or control, regardless of the medium, on which it is produced, reproduced, or stored, including but not limited to, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, without limitation reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to, interoffice and interoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records,

files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts and non-identical copies thereof. If the original of a DOCUMENT is unavailable or was not reviewed or received by a particular person, "DOCUMENT" includes any identical copy of the original. Any DOCUMENT bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, in a separate DOCUMENT.

3. "ALL DOCUMENTS" means every DOCUMENT, as defined above, that is known to YOU and every such DOCUMENTS that can be located or discovered by reasonably diligent efforts.

4. "PERTAINING TO," "PERTAIN TO," "RELATING TO," and "RELATE TO" mean constituting, consisting of, relating to, referring to, evidencing, supporting, contradicting, reflecting, or resulting from the matter specified.

5. The words "ANY" and "ALL" shall both be construed to mean "any and all."

6. "THE '657 PATENT" refers to U.S. Patent No. 4,758,657 and ANY reissues or reexaminations.

7. "FACTOR VIII" refers to blood coagulation Factor VIII.

8. "FACTOR VIII PRoduct" means any FACTOR VIII liquid or lyophilized powder used for the treatment of hemophilia A that YOU contend includes, incorporates, or embodies the alleged invention(s) claimed by THE '657 PATENT.

2

9.  In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders: (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this request all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

10. All documents requested shall be produced to Baxter in the same file or other organization environment in which they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping (including electronic files or groupings) shall be physically produced together with all other documents from said file, docket, or grouping responsive to said request, in the same order or manner of arrangement as the original. Alternatively, the documents shall be organized and labeled to correspond with the categories of this Request.

11. If any document called for by any request herein is withheld based on a claim that such document is privileged:

   a.  identify each such document (including the date, document type, subject matter, author(s) or preparer(s) and all persons who read or received the document);

   b.  state the basis upon which the privilege is claimed; and

   c.  state the paragraph(s) of the request for production to which each document is responsive.

12. In the event that any document requested was, but is no longer, in YOUR possession, custody or control, or in existence, please provide the following information:

      a.    identification of the document;

      b.    whether it is missing or lost;

      c.    whether it has been transferred, voluntarily or involuntarily, to others; or whether it has been otherwise disposed of.

13.    This document request is propounded on a continuing basis, and YOU shall supplement YOUR responses hereto as and when additional information called for herein comes to your attention.

## DOCUMENT REQUESTS

1. ALL DOCUMENTS, including but not limited to laboratory notebooks, memoranda, notes, publications and other references, PERTAINING TO the subject matter described and claimed by THE '657 PATENT.

2. ALL DOCUMENTS, including but not limited to laboratory notebooks, memoranda, notes, publications, patents and other references, PERTAINING TO efforts to develop FACTOR VIII solutions or ANY FACTOR VIII PRODUCT.

3. ALL DOCUMENTS, including but not limited to laboratory notebooks, memoranda, notes, publications, patents and other references PERTAINING TO efforts to lyophilize FACTOR VIII solutions or ANY FACTOR VIII PRODUCT.

4. ALL DOCUMENTS PERTAINING TO the preparation, filing, and/or United States prosecution of THE '657 PATENT.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on December 11, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on December 11, 2007 I have sent by E-mail the foregoing document to the following non-registered participant:

James B. Monroe, Esq.
Doris Johnson Hines, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
James.monroe@finnegan.com
Dori.hines@finnegan.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com