IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMA S.A., <br><br> Plaintiff, <br><br> v. <br><br> BAXTER HEALTHCARE CORP., <br><br> Defendant. <br><br><br> BAXTER HEALTHCARE CORP., <br><br> Counterclaimant, <br><br> v. <br><br> AVENTIS PHARMA S.A., <br><br> Counterdefendant. | Civil Action No. 06-636-GMS |

**NOTICE OF DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS TO TOWNSEND AND TOWNSEND AND CREW, LLP**

Please take notice that, pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Aventis Pharma S.A. ("Plaintiff" or "Aventis Pharma") shall take the deposition upon oral examination of the 30(b)(6) designee(s) of Townsend and Townsend and Crew, LLP ("Townsend"), 379 Lytton Avenue, Palo Alto, CA 94301, regarding subject matters set forth in Schedule A to the attached subpoena. The deposition will take place at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Ave., Palo Alto,

California 94304, commencing at 9:00 am on February 8, 2008 and continuing from day to day until completed, or at a date and time to be agreed upon by the parties or ordered by the Court. The deposition will be recorded by stenographic means, audiotape, and/or videotape.

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Aventis Pharma, through its undersigned counsel, hereby requests that Townsend produce on or before February 1, 2008 each of the requested documents and things listed in Schedule A, attached hereto.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff Aventis Pharma S.A.*

*Of Counsel:*

James B. Monroe
Doris Johnson Hines
Paul W. Browning
FINNEGAN HENDERSON FARABOW
    GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 18, 2008
187431.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| AVENTIS PHARMA S.A. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| BAXTER HEALTHCARE CORPORATION | Case Number:[1] D. Del., C.A. No. 06-636-GMS |

TO: TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Ave.
Palo Alto, CA 94301-1431

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  3300 Hillview Ave., Palo Alto, CA 94304-1203 | DATE AND TIME  2/8/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE  Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  3300 Hillview Ave., Palo Alto, CA 94304-1203 | DATE AND TIME  2/1/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  1/18/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John Day, Esq., 500 Delaware Ave., P.O. Box 1150, Wilmington, D.E. 19899 (302) 654-1888

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS

As used herein:

1. The terms "Townsend," "you," or "yours" means Townsend and Townsend and Crew, LLP, and all past or present directors, principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of those same entities.

2. The term "Baxter" means Baxter Healthcare Corp., its subsidiaries, affiliates, divisions, corporate predecessors, parent corporations and corporate successors, and every present or former director, officer, employee, agent, attorney, representative, or other person acting or purporting to act on behalf of those entities.

3. The term "Formatech" means all persons or entities involved in the creation of the alleged test data Baxter submitted in the Opposition to European Patent Application No. 92 104944.1 on or about April 27, 2000, including Formatech, Inc., its subsidiaries, affiliates, divisions, corporate predecessors, parent corporations and corporate successors, and every present or former director, officer, employee, agent, attorney, representative, or other person acting or purporting to act on behalf of those entities.

4. The term "the '427 patent" means United States Patent No. 5,565,427.

5. The term "FDA" means the United States Food and Drug Administration.

6. The term "PTO" means the United States Patent and Trademark Office.

7. The term "ADVATE®" means the Antihemophilic Factor (Recombinant), Plasma/Albumin Free Method (rAHF-PFM) that is the subject of FDA Biological License Authorization (BLA) STN #125063 and is sold by Baxter in the United States under the tradename ADVATE® in 250 IU, 500 IU, 1000 IU, 1500 IU, 2000 IU, and 3000 IU dosage

1

strengths as well as equivalent products sold outside the United States whether sold as ADVATE® or under another name.

8.  The term "Bayer" means Bayer Corporation, Bayer Healthcare L.L.C., any subsidiaries, affiliates, divisions, corporate predecessors, parent corporations and corporate successors of those entities, and every present or former director, officer, employee, agent, attorney, representative, or other person acting or purporting to act on behalf of those entities.

9.  The terms "third party" or "third parties" refer to anyone other than Aventis Pharma, Baxter, or Townsend.

10. "Bayer Litigations" means Civil Action No. 03-2268 ABB in the U.S. District Court for the Eastern District of Pennsylvania and Civil Action No. 06-03785 ABB in the U.S. District Court for the Eastern District of Pennsylvania.

11. The term "document" shall have a comprehensive meaning, in the broadest sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, including all tangible embodiments, manifestations, or evidence of a communication, as defined below.

12. The term "communication" means all forms of information transmission or storage, including but not limited to written, oral, electronic, telephonic, or videographic inquiries, responses to inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, facsimiles, advertisements, comments, interviews, and all documents related thereto. This definition includes all communications for which Baxter claims any type of privilege.

13. The term "thing" means any tangible object other than a document and includes objects of every kind and nature, including devices, designs, plans, physical objects, samples, products, components, samples, discs, CDs, tapes, and specimens.

14. "Relate" and "relating" mean affecting, concerning, constituting, pertaining to, consisting of, referring to, contradicting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining, in whole or in part, to that subject.

15. The term "person" means natural persons and entities, including any corporation, partnership, sole proprietorship, agency or business association of any type or character, and the "acts" of a person include acts of directors, officers, owners, members, employees, attorneys, and agents acting on that person's behalf.

16. The connectors "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed outside of its scope.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18. The term "including" means including without limitation.

## INSTRUCTIONS

1. Townsend is to search for all documents and things within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on Townsend's behalf (whether located at his/her residence or place of business), in order to fully respond to these requests.

2. The documents or things requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the document requests to

which they are responsive. If there are no documents or things responsive to a particular request, Townsend shall so state in writing rather than leaving the request unanswered.

3. If Townsend comes into possession, custody or control of responsive documents or things between the time of initial production and the time of trial, Townsend shall supplement its earlier production by promptly producing such documents or things.

4. All documents that are responsive in whole or in part to any of the requests herein shall be produced in full, without abridgement, abbreviation or expurgation of any sort. If any document cannot be produced in full, Townsend shall produce the document to the extent possible and indicate in its written response what portion of the document is not produced and why it could not be produced.

5. Townsend is required to produce not only the original or an exact copy of the original of all documents or things responsive to any of the requests, but also all copies of such documents or things which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts or embodiments of such documents or things. Townsend is required to produce all versions of such documents.

6. If Townsend objects to producing and withholds from production any documents or things requested herein on grounds of attorney-client privilege, joint defense or common interest privilege, work-product immunity, or otherwise, Aventis requests that Townsend provide a list identifying the specific grounds upon which the objection is based and each particular request objected to, and identify any withheld documents, things, or portions thereof as follows:

    (a)     its date of creation;

    (b)     the identity of all persons who prepared and/or signed the document or thing;

4

(c) the general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

(d) a summary of its contents, or the general subject matter of the document or thing;

(e) a listing of all persons, including but not limited to the addressees, to whom copies of the document or thing have been disclosed; and

(f) the nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Townsend's assertion thereof.

7. Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion excised.

8. If any document or thing requested to be produced herein has been lost, discarded, destroyed, or are otherwise not available for production by Townsend for any reason whatsoever, it should be identified as completely as possible, by stating without limitation: the information requested by subparagraphs 6(a)-(f) above, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction or discarding of the document or thing.

## **DEPOSITION TOPICS**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Townsend's designee(s) shall be prepared to testify regarding the following subjects:

1. Baxter's Opposition to European Patent Application No. 92 104944.1, including the identity of all persons involved in that Opposition.

2. Baxter's decision to pursue its Opposition to European Patent Application No. 92 104944.1 and its decision to abandon its appeal of the EPO's decision in those proceedings, including the identity of all persons involved in those decisions.

3. Any tests, studies, or experiments regarding any Factor VIII product(s), including those performed by Formatech (regardless of whether they were submitted to the EPO), and further including the identity of all persons involved in the conducting of, or in the decision(s) to conduct, those tests, studies, or experiments.

4. All test results or data submitted by Baxter in the Opposition to European Patent Application No. 92 104944.1, including the alleged test data Baxter submitted on or about April 27, 2000, and further including the identity of all persons involved in the generation of, or in the decision(s) to generate, any such test results or data.

5. All communications between Baxter or Townsend and Formatech regarding any tests, studies, or experiments involving any Factor VIII product.

6. All communications between Baxter or Townsend and any third party regarding Baxter's Opposition to European Patent Application No. 92 104944.1.

7. All communications between Baxter or Townsend and Dr. Peter Turacek.

8. All communications between Baxter or Townsend and Erik Bjornson.

9. Any opinion, study, search, or analysis relating to the validity or infringement of the claims of the '427 patent or European Patent Application No. 92 104944.1 or the unenforceability of the '427 patent, including any opinion, study, search, or analysis relating to any alleged prior art, and further including the identity of all individuals involved in any of the foregoing.

10. Baxter's decision(s) regarding whether to seek reexamination of the '427 patent before the PTO, including the identity of all persons involved in those decision(s).

11. Any analysis of the potential licensing of the '427 patent, including any valuation or other financial analysis of the '427 patent, and further including the identity of all individuals involved in any such analysis.

12. Any efforts by Baxter to design around the claims of the '427 patent including any legal or financial analysis relating to any such efforts, and further including the identity of all individuals involved in any such efforts.

13. All communications between Baxter or Townsend and the PTO regarding the '427 patent.

14. All communications between Baxter or Townsend and any third party regarding the '427 patent or the potential or actual reexamination of the '427 patent before the PTO.

15. All communications between Baxter or Townsend and any third party regarding the Bayer Litigations.

16. All licenses or other agreements, including those involving any grant of rights to patent(s), relating to ADVATE®, Recombinate®, other Baxter Factor VIII product, or other Baxter blood plasma-derived product, including any agreement with Quadrant Holdings Cambridge Ltd., Genetics Institute, American Home Products, Wyeth, Genentech, Aventis,

Nektar, University of Connecticut, or Lipoxen, the negotiation of all such license and agreements, and further including the identity of all individuals involved in those negotiations.

17. The negotiation of any potential licenses or other agreements, including those involving any grant of rights to patent(s), relating to ADVATE®, Recombinate®, other Baxter Factor VIII product, or other Baxter blood plasma-derived product, whether or not those negotiations resulted in any final agreement, including the identity of all individuals involved in those negotiations.

18. Any practice, policy, or guidelines in place at Townsend between 1997 and 2006 that applied to the preparation, prosecution, and/or reexamination of patents, including those applicable to whether to disclose documents and things to the PTO during prosecution and/or reexaminations of patents.

## DOCUMENT REQUESTS

Please produce on January 24, 2008 the following documents:

1. All documents relating to the prosecution of and/or Opposition to European Patent Application No. 92 104944.1, including documents identifying all persons involved in the Opposition, and further including documents concerning all communications relating to the prosecution and/or Opposition.

2. All documents relating to Baxter's decision to pursue its Opposition to European Patent Application No. 92 104944.1 and its decision to abandon its appeal of the EPO's decision in those proceedings, including documents identifying all persons involved in those decisions.

3. All documents relating to any tests, studies, or experiments regarding any Factor VIII product(s), including any such tests, studies, or experiments performed by Formatech, and further including documents identifying all persons involved in the conducting of, or in the decision(s) to conduct, those tests, studies, or experiments.

4. All documents relating to any test results or data submitted by Baxter in the Opposition to European Patent Application No. 92 104944.1, including documents identifying all persons involved in the generation of, or in the decision(s) to generate, those results or data.

5. All documents relating to any communications between Baxter or Townsend and any third party regarding Baxter's Opposition to European Patent Application No. 92 104944.1.

6. All documents relating to any communications between Baxter or Townsend and Formatech regarding any tests, studies, or experiments involving any Factor VIII product.

7. All documents relating to any communications between Baxter or Townsend and Dr. Peter Turacek.

8. All documents relating to any communications between Baxter or Townsend and Erik Bjornson.

9. With respect to services performed by any attorney or other individual employed by you in connection with the Opposition to European Patent Application No. 92 104944.1, from the time of commencement of such services up to and including the present, any documents showing or tending to show on a day-by-day basis what services were performed, who performed those services, how much time was spent in the performance of those services, and the general subject matter of the services performed, including all bills, invoices, descriptions of service, correspondence, billing records, time sheets, and/or diaries.

10. All documents pertaining to the prosecution and/or reexaminations of the '427 patent before the PTO, including documents identifying all person(s) involved in any review, analysis, or monitoring of the prosecution and/or reexaminations, and further including documents concerning all communications relating to the prosecution and/or reexaminations.

11. With respect to services performed by any attorney or other individual employed by you in connection with the review, analysis, or monitoring of the prosecution and/or reexaminations of the '427 patent, from the time of commencement of such services up to and including the present, any documents showing or tending to show on a day-by-day basis what services were performed, who performed those services, how much time was spent in the performance of those services, and the general subject matter of the services performed, including, but not limited to, all bills, invoices, descriptions of service, correspondence, billing records, time sheets, and/or diaries.

12. All documents relating to any discussion or communication concerning the infringement or noninfringement, validity or invalidity, or scope of coverage of the claims of the

'427 patent or European Patent Application No. 92 104944.1 or the unenforceability of the '427 patent.

13.  Any opinion, study, search, or analysis relating to the validity or infringement of the claims of the '427 patent or European Patent Application No. 92 104944.1 or the unenforceability of the '427 patent, including but not limited to any opinion, study, search, or analysis relating to the prior art, and further including documents identifying of all individuals involved in any of the foregoing.

14.  All documents relating to Baxter's decision(s) regarding whether to seek reexamination of the '427 patent before the PTO.

15.  All documents relating to the valuation, other financial analysis, and/or licensing of the '427 patent and/or European Patent Application No. 92 104944.1, including documents identifying all person(s) involved in those analyses and/or licensing considerations and further including any documents relating to any communications concerning those analyses and/or licensing considerations.

16.  All documents related to any efforts by Baxter to design around the claims of the '427 patent and/or European Patent Application No. 92 104944.1 and any legal or financial analysis concerning any such efforts, including documents identifying all individuals involved in any such analysis.

17.  All documents relating to any communications between Baxter or Townsend and the PTO regarding the '427 patent.

18.  All documents relating to any communications between Baxter or Townsend and any third party regarding the '427 patent or the potential or actual reexamination of the '427 patent before the PTO.

19.  All documents relating to any communications between Baxter or Townsend and any third party regarding the Bayer Litigations.

20.  All documents relating to any U.S. or foreign patents or patent applications (pending or abandoned) that relate to, describe, or claim the same or similar subject matter described or claimed by the '427 patent.

21.  All documents relating to any U.S. or foreign patents or patent applications (pending or abandoned) that relate to, describe, or claim ADVATE® or similar subject matter.

22.  All documents relating to any licenses or other agreements, including those involving any grants of rights to patent(s), relating to ADVATE®, Recombinate®, other Baxter Factor VIII product, or other Baxter blood plasma-derived product, including any agreement with Quadrant Holdings Cambridge Ltd., Genetics Institute, American Home Products, Wyeth, Genentech, Aventis, Nektar, University of Connecticut, or Lipoxen, documents relating to the negotiations of all such license or other agreement, and further including documents identifying all individuals involved in all such negotiations.

23.  All documents relating to the negotiation of any potential licenses or other agreements, including those involving any grants of rights to patent(s), relating to ADVATE®, Recombinate®, other Baxter Factor VIII product, or other Baxter blood plasma-derived product, whether or not those negotiations resulted in any final agreement, including documents identifying all individuals involved in those negotiations.

24.  All documents sufficient to describe any practice, policy, or guidelines in place at Townsend between 1997 and 2006 that applied to the preparation, prosecution, and/or reexamination of patents, including those applicable to whether to disclose documents and things to the PTO during prosecution and/or reexaminations of patents.

25. All documents relating to the subject matter of the deposition topics listed above.

13